Harry LEWIS, Plaintiff,

v.

Frank NADALINE, Jr. and Fotochrome, Inc., Defendants.

No. 68 Civ. 3731.

United States District Court
S. D. New York.

Sept. 4, 1969.

Sidney L. Garwin, New York City, for plaintiff.

Morris Winter, New York City, for defendants.

## MEMORANDUM

POLLACK, District Judge.

The parties have made cross motions for summary judgment pursuant to Rule 56 F.R.Civ.P. The papers thereon show genuine issues of material fact and in consequence neither party is entitled to a judgment as a matter of law at this time.

This is a suit under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) brought on behalf of the corporate defendant, Fotochrome Inc., a corporation whose common stock was duly registered and traded on the American Stock Exchange, a national exchange as defined by the Securities Exchange Act of 1934. The plaintiff, one of the stockholders of the corporation, sues the defendant Nadaline, who was a director, chief executive and controlling stockholder of the corporation owning more than ten percent of its common stock.

As of March 31, 1965 Nadaline owned 704,223 shares of the then outstanding 1,922,938 shares of Fotochrome common stock (approximately 38%). As of July 29, 1966 Nadaline owned 395,336 out of the then outstanding 2,558,889 shares of Fotochrome common stock (approximately 18%).

The principal issue presented at this time is whether the acquisition from Fotochrome on September 20, 1966 by the defendant Nadaline of 83,687 shares of Fotochrome stock was a purchase within the meaning of the Act, Section

3(a) (13), 15 U.S.C. § 78c(a) (13), or merely a repayment of a loan of securities made by Nadaline for the account and benefit of Fotochrome on April 19, 1965. It is claimed that at least 83,687 shares of Fotochrome common stock were sold by Nadaline or for his benefit or use within a period of 6 months of September 20, 1966.

On September 20, 1966 Fotochrome obtained from Nadaline all of the equity shares and certain indebtedness of Seaboard Photo Service Corporation in exchange for the issuance to Nadaline of said 83,687 shares of Fotochrome common stock. This was the exact equivalent of what Nadaline had paid to obtain the Seaboard securities and debt on April 19, 1965. Nadaline claims that the 1965 transaction in reality was that of Fotochrome and that he acted only as its agent therein and loaned it the Fotochrome shares delivered for the Seaboard securities and debt. He contends that Fotochrome desired to effect the transaction for itself with securities to be issued by it but that the American Exchange would not list the requisite number of newly issued shares until issuance and delivery thereof were approved by the directors and stockholders of Fotochrome; and it is claimed that the Seaboard stock owners would not condition the transaction on the occurrence of these events. Accordingly, the defendant Nadaline contends that at the request of the president and directors of Fotochrome, he supplied the needed shares as a loan to the corporation and retained the Seaboard securities and indebtedness as collateral security for the repayment of the loan. Thereafter when the necessary stockholder approval was obtained, albeit this occurred over a year later, the loan of shares was repaid and the Seaboard securities and debt held by Nadaline as collateral were delivered to Fotochrome. The defendants have supplied evidentiary details and documents and affidavits giving verisimilitude to these contentions.

The plaintiff on the other hand contends that characterizing the acquisition of Seaboard's securities as an agency or loan transaction will not serve to change the legal effect of the act or documents involved. According to the plaintiff such a characterization would directly conflict with Fotochrome's proxy materials and other statements to stockholders and the numerous reports it was required to file with the SEC which failed to disclose the alleged agency and loan. The plaintiff contends that Nadaline became the beneficial owner of the Seaboard securities and debt and merely gave Fotochrome an option thereon to acquire the same which it was free to exercise or not as it chose. And it was this option agreement, not an agency or loan agreement which was performed. Indeed, in 1966 the stockholders were convened "To consider and take action upon a proposal to acquire [these securities and debt] from Frank Nadaline, Jr. * * *". This language does not seem to describe an agency or a repayment of a loan of securities.

There are other circumstances and inferences raised by the plaintiff tending to contradict the defendants' contentions.

Plainly there must be a trial to establish and sift all the facts and circumstances and to determine which of the alleged agreements was performed, before it can be said that the transaction falls within or without the statute.

Apposite here is the maxim expressed in Empire Electronics Co., Inc. v. United States, 311 F.2d 175 (2 Cir. 1962):

* * * it is also a maxim that the court, on a motion for summary judgment, cannot *try* issues of fact but can only determine whether there *are* issues of fact to be tried; and, once having determined this affirmatively must leave those issues for determination at a trial.

Motions denied.

So ordered.